UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENYARDY WILLIAMS,

        Petitioner,

v.                                    CASE NO. 2:07-CV-12712
                                    HONORABLE NANCY G. EDMUNDS

C. EICHENLAUB,

        Respondent.
_____/

## OPINION AND ORDER GRANTING PETITIONER'S MOTION TO EXPEDITE THE PROCEEDINGS AND DENYING THE HABEAS CORPUS PETITION

Petitioner Kenyardy Williams has filed a *pro se* Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241 and a Motion to Expedite the Proceedings. Petitioner is an inmate at the Federal Correctional Institution in Milan, Michigan (FCI-Milan). He challenges an administrative decision to deny him early release from custody for successful completion of a drug rehabilitation program. His pending motion seeks to expedite these proceedings on the basis of his anticipated release to a halfway house in February of 2008.

Petitioner's Motion to Expedite the Proceedings [Dkt. 5, Aug. 13, 2007] is GRANTED. However, because Petitioner has not shown that he is in custody in violation of federal law, his habeas petition must be dismissed.

### I. Background

Petitioner has been convicted of possession of a firearm in furtherance of a drug trafficking crime. *See* 18 U.S.C. § 924(c)(1)(A). On April 24, 2006, United States District Judge Ronald A. Guzman of the Northern District of Illinois sentenced Petitioner to five years in

prison, followed by three years of supervised release.

Petitioner arrived at FCI-Milan on July 5, 2006, and on August 30, 2006, he enrolled in the Residential Drug Abuse Program (RDAP), which offers eligible inmates a reduction in their sentences for successful completion of the program. The Federal Bureau of Prisons (the Bureau) informed Petitioner that he would not be eligible for sentence reduction upon successful completion of the RDAP because he had been convicted of a crime of violence. Petitioner challenged this decision through the Bureau's administrative remedy program. However, the Warden, the Regional Director, and the Administrator for National Inmate Appeals denied relief.

Petitioner filed his habeas corpus petition on June 27, 2007. He asserts that the Bureau violated his right to equal protection of the law when it determined that he was not eligible for a reduction in his sentence upon successful completion of the RDAP.

## II. Discussion

### A. The Applicable Statute and Regulation

Pursuant to 18 U.S.C. § 3621(b), the Bureau of Prisons must provide substance abuse treatment for prisoners that have a treatable condition of substance abuse or addiction. As an incentive for successful participation in a substance abuse program, the Bureau of Prisons may reduce a prisoner's sentence up to one year if the prisoner has been convicted of a nonviolent crime. 18 U.S.C. § 3621(e)(2)(B).

The federal regulation interpreting § 3621(e)(2)(B) reads in relevant part:

(a) Additional early release criteria.

> (1) As an exercise of the discretion vested in the Director of the Federal Bureau of Prisons, the following categories of inmates are not eligible for early release:

2

>                . . . .
>
>                (vi) Inmates whose current offense is a felony:
>
>                        . . . .
>
>                        (B) That involved the carrying,
>                        possession, or use of a firearm or
>                        other dangerous weapon. . . .

28 C.F.R. § 550.58(a)(1)(vi)(B).

Use of the word "may" in § 3621(e) gives the Bureau "the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment." *Lopez v. Davis*, 531 U.S. 230, 241 (2001). Individualized determinations are not necessary. *Id*. at 241-42 & 244 n.7. "[T]he Bureau may categorically exclude prisoners based on their preconviction conduct . . . ." *Id*. at 244.

### B. Equal Protection

Petitioner alleges that the Bureau's refusal to grant him early release upon successful completion of the RDAP violates his constitutional right to equal protection of the law. In support of this claim, Petitioner has named four inmates who were granted early release under the RDAP despite having been convicted of a gun charge.

The Equal Protection Clause of the Fourteenth Amendment states that "[n]o State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. amend. XIV, § 1. The Clause "requires public institutions to 'treat similarly situated individuals in a similar manner.'" *Buchanan v. Bolivar, Tenn.*, 99 F.3d 1352, 1360 (6th Cir. 1996) (quoting *Gutzwiller v.*

*Fenik*, 860 F.2d 1317, 1328 (6th Cir. 1988)).[1]

None of the inmates mentioned by Petitioner have been convicted of the same serious offense as Petitioner. The other inmates were convicted of: receiving, possessing, or disposing of stolen firearms under 18 U.S.C. § 922(j); removing, altering, or obliterating the serial number on a firearm in violation of 18 U.S.C. § 922(k); and an unspecified offense with a weapons enhancement. These offenses do not have the added element of possessing a firearm in furtherance of a drug trafficking crime. Thus, no violation of the Equal Protection Clause occurred when the Bureau of Prisons declined to grant Petitioner early release for successful completion of the RDAP.

Furthermore, a governmental classification generally will be upheld if it bears a rational relationship to a legitimate governmental end and does not burden a fundamental right or target a suspect class. *Romer v. Evans*, 517 U.S. 620, 631 (1996). Although "inmates are protected by the Equal Protection Clause of the Fourteenth Amendment," *Hluchan v. Fauver*, 480 F. Supp. 103, 109 (D. N. J. 1979), they "are not a suspect class," *Hadix v. Johnson*, 230 F.3d 840, 843 (6th Cir. 2000), and they have no constitutional or inherent right to conditional release before the expiration of a valid sentence, *Greenholtz v. Inmates of Neb. Penal and Corr. Complex*, 442 U.S. 1, 7 (1979). Therefore, the Bureau's decision to limit early release for successful completion of a drug treatment program need only be rationally related to a legitimate governmental interest. *Perez v. Hemingway*, 157 F. Supp. 2d 790, 795-96 (E.D. Mich. 2001) (Borman, J.) (citing *Wottlin*

---

[1] Although the Equal Protection Clause "does not apply directly to the federal government, the actions of the federal government are judged under the same standards applicable to state actions challenged under that clause." *Lutz v. Hemingway*, 476 F. Supp. 2d 715, 721 (E.D. Mich. 2007) (Lawson, J.) (citing *Richardson v. Belcher*, 404 U.S. 78, 81 (1971)).

4

*v. Fleming*, 136 F.3d 1032, 1036-37 (5th Cir. 1998)).

The Bureau's decision in this case was rationally related to a legitimate interest in protecting the public from potentially dangerous people and not rewarding prisoners whose preconviction conduct involved possession of a dangerous weapon. Thus, the Bureau's regulation does not violate the Equal Protection Clause.

### III. Conclusion

The Bureau's decision was not an abuse of discretion, and Petitioner is not "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Therefore, the application for a writ of habeas corpus is DENIED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: October 11, 2007

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 11, 2007, by electronic and/or ordinary mail.

s/Carol A. Hemeyer
Case Manager